NUMBER 13-08-00007-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


PHILLIP ARCHER A/K/A

PHILIP ARCHER, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 319th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides

Memorandum Opinion by Justice Yañez

 

 Appellant, Phillip Archer a/k/a Philip Archer, entered an "open" plea of guilty to
the offense of aggravated robbery, (1) enhanced as a repeat-felony offender. (2) The trial court assessed punishment at twenty-five years' imprisonment. (3) 

 Appellant's appellate counsel, concluding that there are "no meritorious issues to
bring forward for review," filed an Anders (4) brief, in which he reviewed the merits, or lack
thereof, of the appeal. We affirm. 

I. Discussion

 Pursuant to Anders v. California, (5) appellant's court-appointed appellate counsel
has filed a brief with this Court, stating that his review of the record yielded no grounds
or error upon which an appeal can be predicated. Although counsel's brief does not
advance any arguable grounds of error, it does present a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced on appeal. (6) 

 In compliance with High v. State, (7) appellant's counsel has carefully discussed
why, under controlling authority, there are no errors in the trial court's judgment. 
Counsel has informed this Court that he has: (1) examined the record and found no
arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's
motion to withdraw on appellant, and (3) informed appellant of his right to review the
record and to file a pro se response within thirty days. (8) More than an adequate period
of time has passed, and appellant has not filed a pro se response. (9) 

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. (10) We have reviewed the
entire record and counsel's brief and have found nothing that would arguably support an
appeal. (11) Accordingly, we affirm the judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, appellant's attorney has asked this Court for
permission to withdraw as counsel for appellant. (12) We grant counsel's motion to
withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send
a copy of the opinion and judgment to appellant and to advise appellant of his right to
file a petition for discretionary review. (13) 


 

 LINDA REYNA YAÑEZ,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 20th day of August, 2009.

1. [1] See Tex. Penal Code Ann. § 29.03 (Vernon 2003). 
2. [2] See id. § 12.42(c)(1) (Vernon Supp. 2008). Appellant pleaded "true" to the enhancement allegation. 
3. [3] See id.
4. [4] See Anders v. California, 386 U.S. 738, 744 (1967). 
5. [5] See id. 
6. [6] See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief need
not specifically advance 'arguable' points of error if counsel finds none, but it must provide record
references to the facts and procedural history and set out pertinent legal authorities.") (citing Hawkins v.
State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d
503, 510 n.3 (Tex. Crim. App. 1991). 
7. [7] High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).
8. [8] See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at
409 n.23. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with
the rules of appellate procedure in order to be considered. Rather, the response should identify for the
court those issues which the indigent appellant believes the court should consider in deciding whether the
case presents any meritorious issues." In re Schulman, 252 S.W.3d at 409 n.23 (quoting Wilson v. State,
955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
9. [9] See In re Schulman, 252 S.W.3d at 409. 
10. [10] Penson v. Ohio, 488 U.S. 75, 80 (1988). 
11. [11] See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record
for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate
Procedure 47.1."); Stafford, 813 S.W.2d at 509.
12. [12] See Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State,
903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal
is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that
the appeal is frivolous.") (citations omitted)). 
13. [13] See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006). No substitute counsel will be appointed. Should appellant wish
to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an
attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any
petition for discretionary review must be filed within thirty days from the date of either this opinion or the
last timely motion for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition
for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for discretionary review should comply with
the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4.